SMITH, Chief Judge.
Appeal was brought by the plaintiffs from a summary final decree in favor of the defendants.
The appellants are the sole heirs at law of deceased grantors who, in 1911, conveyed certain real property to the City of Cocoa. The deed contained the following clause:
“Said described land to be used only for public park purposes by the Town of Cocoa otherwise to revert to grantors or their assigns.”
The deed was accepted and the land was used by the City of Cocoa for park purposes until the city sold a portion of the land in question to the Board of Public Instruction of Brevard County by warranty deed recorded in 1947. In 1964 the board of public instruction entered into a contract to sell the land to Wright Development Corp. Appellants brought suit for a declaratory decree to determine the rights of the parties to the land under the provisions of the above clause. After a hearing on the motion by appellees for summary final decree the court entered its summary final decree in which it stated that F.S.A. § 95.36 was applicable so that the appellants’ rights were terminated and void.
F.S.A. § 95.36 provides:
“Dedications for park purposes. It is hereby declared to be in the best interest of the public that ancient dedications of lands to municipalities for park purposes for a period of thirty years or more shall not hereafter be disturbed or challenged in law or in equity by the original dedicator, his heirs or assigns, or any other person, in cases where such lands have been put to some municipal use during the period of dedication and/or have been conveyed by the municipality for a period of at least seven years by a deed recorded in the public records for that period of time. Accordingly, the legislature hereby declares such suits in law or equity shall not be maintained in any court in this state, and all rights of said ancient dedicator and all other persons are terminated and declared null and void.”
*864 The appellants contend that the clause in the deed when accepted by the city constituted a contract between the parties and that the interest of their ancestors created by their conveyance of a limited title to the city was a possibility of reverter which is not an estate but the mere possibility of having an estate at some future time. They then asserted that the foregoing quoted F.S.A. § 95.36 as applied in this cause on these facts unconstitutionally operates to impair the obligation of that contract. The appellees contend that the deed conveyed a fee simple determinable estate with the possibility of reverter reserved to appellants’ ancestors or that the clause in the deed is a restrictive covenant with the possibility of reverter. They also assert that in either case the grantee’s estate terminated and the grantors or their heirs were vested with the right to enter and take possession of the land immediately upon the use of the land for other than park purposes by the Town of Cocoa.
It is not necessary for us to determine the constitutional issue presented nor is it necessary that we determine whether the deed constitutes a contractual covenant, a restrictive covenant or a fee simple determinable estate. The board of public instruction recorded the deed and went into possession of the land in 1947 and continuously thereafter used the land for public school purposes. At that time there was either a breach of the contractual covenant or a termination of the grantee’s estate with the right of possession vested in the grantors or their heirs and after seven years their cause of action was barred by F.S.A. § 95.14, 54 C.J.S. Limitations of Actions § 125. Under the second theory the recording of the deed and the entry into possession by the board was a clear and positive disclaimer and disavowal of any right, title or interest of the grantors in the property and the assertion of an adverse right brought home to the grantors and their heirs constituting adverse possession under color of title by the board of public instruction. The statute of limitation begins to run at the termination of the estate with right of entry vested in the grantors or their heirs. 31 C.J.S. Estates § 112. Upon the expiration of seven years the board took a brand-new title by adverse possession not connected in any way with the grantors or their heirs. F.S.A. § 95.16.
We therefore determine without applying F.S.A. § 95.36 that the appellants do not have any enforceable right, title or interest in the lands.
Affirmed.
WALDEN, J., and KANNER (Ret.), Associate Judge, concur.